## DEBORAH EVANS *et al.*

*v.*

## ITHAMER H. ALDRICH *et al.*

1. MISTAKE—*reforming deed for.* A deed executed by a woman while sole, may be corrected in a court of equity for a mistake in the description of the premises conveyed, after her subsequent marriage.

2. The land of A having been sold under execution for much less than its value, he, for a nominal consideration, conveyed the same by quit-claim to F, his brother, to enable the latter to redeem and apply the proceeds of the land in payment of A's debts. The land not having been redeemed,

and a sheriff's deed being made to the purchasers, F procured the purchasers to convey the same to the widow of A at much less than its actual value, F furnishing all the money for the purpose. F then prepared a deed from the widow to himself, intending to describe the same land, but by mistake described a different tract, and the widow executed and acknowledged the same. F then sold and conveyed the land in parcels to other persons for a full consideration, who took possession with the knowledge of the widow and improved the same. The widow subsequently married and discovered the mistake, when she brought ejectment. The purchasers filed their bill to reform her deed to F, alleging the mistake. The mistake in the description was shown by parol testimony of that fact, and that she did not own or claim any other land. The court below rendered a decree reforming her deed: *Held,* that the decree was correct, there being no fraud practiced upon the widow.

3. In such case it was not material whether F properly applied all the purchase money received by him or not, as that was a matter between him and the widow or the heirs of A.

WRIT OF ERROR to the Circuit Court of Coles county; the Hon. JAMES STEELE, Judge, presiding.

The facts appear in the opinion of the court, except that Deborah, the widow, in her answer, set up that at the time she executed and acknowledged a deed for Francis Allison at his request, she did not know what land it described, and that she did not know that a deed had been made to her from the purchasers at sheriff's sale, and that her delay in bringing suit for the land was because she did not know that the land was hers. The mistake was established by parol evidence, Francis Allison testifying that Deborah not only agreed to, but did execute deed to him as he supposed for the land; found out the mistake about two years afterwards; Deborah intended to convey the land; she owned no other; "I drew the deed and intended to describe the land in controversy."

Mr. A. M. PETERSON, for the plaintiffs in error.

Messrs. HENRY, READ & HUGHES, for the defendants in error.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This was a bill in chancery, filed by Aldrich, Williams and King, against John Evans and Deborah, his wife, to correct a mistake in the description in a deed for 40 acres of land, made by said Deborah while she was the widow of one John L. Allison, and before her intermarriage with John Evans. It appears that John L. Allison, being then the owner of the land in controversy, conveyed it to his brother Francis, in 1863, for a nominal consideration, the object being to enable the latter to sell and convey, and apply the proceeds in payment of the debts of John, who was about going to the Southern States to engage in business. About the same time, the precise date not appearing, the land was sold on an execution and bought by Tincher and English for much less than its value.

John L. Allison died, and his brother Francis was appointed his administrator. The land was not redeemed from the sheriff's sale, and this officer made a deed to Tincher and English.

In May, 1864, Francis Allison sent an agent to Vermilion county, where Tincher and English resided, and induced them to convey the land to Deborah for a sum sufficient to cover their outlay, but for much less than its value, the agent representing to them her widowed and impoverished condition. The money paid to them was advanced by Francis Allison. A few days after this deed was made, Deborah executed a deed to Francis Allison, which was intended to convey the same land, but there was a mistake in the description. In the course of the next two months Francis sold the land, in different parcels, to the complainants, for a full consideration, and they took possession and made improvements.

In 1869, Deborah, having learned of the mistake in the deed, commenced an action of ejectment, and this led to the filing of this bill by the complainants to correct the error of

description in the deed from Deborah to Francis Allison. Deborah having married again, her husband, John Evans, is a party to these proceedings. The circuit court made a decree correcting the deed.

The decree was correct. It is not denied that the description in the deed was intended for the land in question, nor is there any pretence that any fraud was practiced upon Deborah to procure her signature and acknowledgment. She claims she did not know, when she executed the deed, that Tincher and English had conveyed to her, but this is contradicted not only by other witnesses, but by portions of her own testimony, and by all the circumstances of the case. She admits she signed a paper drawn by Francis Allison requesting them to make a conveyance, as she says, to him. But as he very soon after applied to her to execute this deed, the strong probability is that she was informed by him, as he testifies, that they had conveyed to her, and that she executed this deed for the same purpose that she and her husband had executed one in his lifetime, to wit: to enable Francis to sell and pay the debts of the estate. She can not be supposed to have intended the deed to be merely a nullity. She must be presumed, in executing it, to have designed to convey whatever title she had in the land intended to be described. She soon after saw the complainants taking possession of the land and improving it upon the faith of her conveyance. No question arises here as to whether all the purchase money received by Francis was properly applied or not. A part of it undoubtedly was, and if there is anything in his hands for which he should account to the widow or heirs, they should compel him to do so. The question here is merely as to the equitable right of these complainants to have this deed corrected. Of this there can be no doubt. They bought in good faith, relying upon a deed executed by Deborah, which was supposed by all parties, herself, Francis Allison and these complainants, to convey the title to this tract of land. It did not do so, because of an

accidental error in the description. It describes land to which the grantor neither had nor claimed title. It was properly made by the decree of the court to apply to the land which it was intended by the parties to convey.

The decree is affirmed.

*Decree affirmed.*